## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>501 School Street, S.W., Suite 700<br>Washington, DC 20024, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave, N.W.<br>Washington, DC 20530-0001, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR DECLARATORY AND
## INJUNCTIVE RELIEF

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff is a non-profit, educational foundation organized under the laws of the

District of Columbia and having its principal place of business at 501 School Street, S.W., Suite

700, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law.  In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant is an agency of the United States Government and is headquartered at 950 Pennsylvania Ave, N.W., Washington, DC  20530-0001.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On May 29, 2009, Plaintiff sent a FOIA request to Defendant seeking access to records concerning Defendant's decision to dismiss Voting Rights Act claims against certain defendants in the matter captioned *U.S. v. New Black Panther Party for Self-Defense, et al.*, Case No. 09-cv-00065-SD (E.D. Penn.).

6.      Defendant acknowledged receipt of Plaintiff's request by letter dated June 18, 2009.  In its June 18, 2009 letter, Defendant represented that it had referred Plaintiff's request to "the component(s) most likely to have the records."

7.      By letter dated January 15, 2010, the Office of Information Policy ("OIP") advised Plaintiff that it would be responding to Plaintiff's request on behalf of the Offices of the Attorney General, the Deputy Attorney General, Associate Attorney General, Public Affairs, Legislative Affairs, Legal Policy, and Intergovernmental and Public Liaison.

8.      Also in its January 15, 2010 letter, OIP advised Plaintiff that it had received multiple FOIA requests concerning the same subject-matter as Plaintiff's request, and, consequently, it had interpreted the scope of all of these requests to be limited to the following records:  "the Department's decision to seek a dismissal of defendants in *U.S. v. New Black*

*Panther Party for Self-Defense.*" Plaintiff does not object to this definition of the scope of the request.

9.      In this same January 15, 2010 letter, OIP advised Plaintiff that the Office of the Associate Attorney General had completed its search for responsive records and that a search of the electronic database of the Departmental Executive Secretariat, which OIP described as the "official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General," also had been completed. OIP asserted that sixty-nine (69) records totaling one hundred thirty-five (135) pages of responsive materials had been located in response to these searches. However, OIP also advised Plaintiff that all of the responsive records that had been located were being withheld in full.

10.      By letter dated January 26, 2010, OIP advised Plaintiff that the Office of Public Affairs and the Office of Legislative Affairs had completed their searches for responsive records and had not located any responsive materials.

11.      On January 29, 2010, Plaintiff administratively appealed the January 15, 2010 determination to withhold the one hundred thirty-five (135) pages of responsive materials in full. Due to an inadvertent error, however, the administrative appeal was misdirected, and Defendant did not acknowledge receipt of the administrative appeal until April 13, 2010.

12.      On or about February 10, 2010, the Civil Rights Division, a component of Defendant, responded separately to Plaintiff's request. In its response, the Civil Rights Division advised Plaintiff that "[a]fter an extensive search," it had located "numerous responsive records" but determined that "access to the majority of the records" should be denied. The Civil Rights Division did not indicate how many responsive records it had located as a result of its search or

how many responsive records it was withholding from Plaintiff. It produced approximately ninety-two (92) pages of responsive materials, most of which consisted of pleadings filed in *U.S. v. New Black Panther Party for Self-Defense, et al.*, Case No. 09-cv-00065-SD (E.D. Penn.).

13.     By letter dated March 26, 2010, OIP advised Plaintiff that the Office of Legislative Affairs and the Office of the Intergovernmental and Public Liaison had completed their searches for responsive records and had not located any responsive materials. In this same letter, OIP also advised Plaintiff that it was "continuing to process your request on behalf of the Offices of the Attorney General and Deputy Attorney General" and would "respond to you once our processing is completed and disclosure determinations are made."

14.     Also on March 26, 2010, Plaintiff administratively appealed the Civil Rights Division's February 10, 2010 determination to withhold "the majority" of the records it had identified as being responsive to Plaintiff's request.

15.     By letter dated April 12, 2010, Defendant acknowledged receipt of Plaintiff's administrative appeal to the Civil Rights Division's determination.

16.     As of the date of this Complaint, Plaintiff has yet to be advised that the Offices of the Attorney General and the Deputy Attorney General have completed their searches for responsive records, and Defendant has failed to issue determinations on Plaintiff's two administrative appeals. Consequently, Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

17.     Plaintiff realleges paragraphs 1 through 16 as if fully stated herein.

18.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

19.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (2) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (3) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 24, 2010

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716
501 School Street, S.W., Suite 700
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*